UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| COLUMBIA RIVER MINING SUPPLIES, LLC,<br><br>　　　　Plaintiff,<br><br>v.<br><br>COLTER YOUNG CONSULTING & DESIGN, COLTER YOUNG CONSULTING LLC, and COLTER YOUNG,<br><br>　　　　Defendants. | Case No. 1:20-cv-00384-JCG<br><br>**OPINION AND ORDER<br>ON CLAIM CONSTRUCTION** |

This matter is before the Court for claim construction of U.S. Patent No. 9,358,550 B2.  Defendants Colter Young Consulting & Design, Colter Young Consulting LLC, and Colter Young (collectively, "Defendants") seek construction of the following terms: "radial hilt," "applied along," "inserting within," "sliding engagement," and "slidably engaged within."[1]  Defs.' Opening Claim Construction Br. ("Defs.' Br.") at 10–19 (Dkt. 67); see also Defs.' Resp. Br. Pl.'s Opening Claim Construction Br. ("Defs.' Resp.") (Dkt. 74); Defs.' Reply Br. Pl.'s Resp. Br. Regarding Defs.' Opening Claim Construction Br. ("Defs.' Reply") (Dkt. 77).  Plaintiff Columbia River Mining Supplies, LLC ("Plaintiff" or "Columbia River Mining") contends that the claim terms should be given

---

[1] At the Markman hearing on August 26, 2021, Defendants withdrew their request for claim construction of the following terms: "tool section," "handle section," "handle section grommet," and "movable between."  Dkt. Entry (Dkt. 78); Markman Hr'g 1:38:20–1:40:25 (time stamp from the recording on file with the Court).

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 1**

their plain and ordinary meaning because the claim terms are readily understandable by a lay person.[2]  Columbia River Mining Supplies, LLC's Opening Claim Construction Br. ("Pl.'s Br.") at 2 (Dkt. 68); see also Columbia River Mining Supplies, LLC's Responsive Claim Construction Br. ("Pl.'s Resp.") (Dkt. 75); Columbia River Mining Supplies, LLC's Reply Claim Construction Br. ("Pl.'s Reply") (Dkt. 76).  The Court held a Markman hearing on August 26, 2021.  Dkt. Entry (Dkt. 78).  The patent at issue, U.S. Patent No. 9,358,550 B2 (the "'550 Patent"), has no prosecution history and the Parties did not call expert witnesses.  Having considered the claim construction briefs and the arguments of counsel, the Court construes the disputed claim terms as set forth below.

## BACKGROUND

Plaintiff filed suit against Defendants for infringement of the '550 Patent, federal trademark infringement and unfair competition, unfair competition and trademark infringement under Arizona common law, commercial disparagement, and tortious interference with business expectancy.  Am. Compl. Patent Infringement ("Am. Compl.") ¶¶ 39–151 (Dkt. 14).  This Opinion concerns the first step of the two-step infringement analysis—construction of claims asserted in the '550 Patent.

The '550 Patent is titled the Black Sand Magnetic Separator and was issued on June 7, 2016.  '550 Patent, at [54], [45].  The '550 Patent applicant and inventor of the Black Sand Magnetic Separator is David Urick, the owner and operator of Columbia

---

[2] The Court recognizes that this is the incorrect legal standard and that it should be a person of ordinary skill in the art.  Thorner v. Sony Comput. Ent. Am. LLC, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc)).

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 2**

River Mining.  Id. at [71], [72]; Am. Compl. ¶ 20.  The Black Sand Magnetic Separator is "[a] primary ore separation device used to remove magnetic particles from non-magnetic particles in a mixture utiliz[ing] a spinning magnet within a non-conductive cylindrical tube . . . [that] separates and spins away the non-magnetic particles."  '550 Patent, at [57].  "[T]he device [is] generally used upon mixed ore materials containing gold and other precious metals contained within the non-magnetic particles."  Id.

## CLAIM CONSTRUCTION STANDARD

When the meaning of a patent claim's language is disputed, the court must construe the claim as a matter of law.  Markman v. Westview Instruments, Inc., 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc), aff'd, 517 U.S. 370 (1996).  "[T]he construction of a patent, including terms of art within its claim, is exclusively within the province of the court."  Markman, 517 U.S. at 372.  "The purpose of claim construction is to 'determin[e] the meaning and scope of the patent claims asserted to be infringed.'"  O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co., 521 F.3d 1351, 1360 (Fed. Cir. 2008) (citing Markman, 52 F.3d at 976).

"The patent is a fully integrated written instrument."  Markman, 52 F.3d at 978.  For the purpose of claim construction, "[a] court should look first to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification, and, if in evidence, the prosecution history."  Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 1582 (Fed. Cir. 1996) (citing Markman, 52 F.3d at 979).  "The words of a claim are generally given their ordinary and customary meaning as understood by a person of ordinary skill in the art when read in the context of the specification and prosecution

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 3**

history." Thorner v. Sony Comput. Ent. Am. LLC, 669 F.3d 1362, 1365 (Fed. Cir. 2012) (citing Phillips v. AWH Corp., 415 F.3d 1303, 1313 (Fed. Cir. 2005) (en banc)).

Limitations from dependent claims, the specification, and embodiments will not be read into the claims. "The doctrine of claim differentiation [] creates a presumption that [] dependent claim limitations are not included in the independent claim." GE Lighting Sols., LLC v. AgiLight, Inc., 750 F.3d 1304, 1310 (Fed. Cir. 2014) (citation omitted). Limitations found in the specification are not imposed into the claims. Phillips, 415 F.3d at 1323–24. In the same vein, "[i]t is improper to read limitations from a preferred embodiment described in the specification—even if it is the only embodiment—into the claims absent a clear indication in the intrinsic record that the patentee intended the claims to be so limited." GE Lighting Sols., 750 F.3d at 1309 (citation omitted) (discussing a figure as a "depicted embodiment").

## DISCUSSION

The Parties dispute the necessity of construction for five claim terms that appear in the sole independent claim, Claim 1: "radial hilt," "applied along," "inserting within," "sliding engagement," and "slidably engaged within." The Court addresses the disputed claim terms and Defendants' proposed constructions in turn.

### I.  Radial Hilt

The independent claim, Claim 1, recites "a non-magnetic radial hilt applied along said outer surface upon said cylindrical housing." '550 Patent col. 5 ll. 66–67. Defendants assert that the Court should construe the term "radial hilt" to mean "raised portion transversely circumscribing the outer surface of the cylindrical housing forming a

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 4**

barrier." Defs.' Br. at 13 (emphasis omitted); see also id. at 12 (citing Am. Compl. ¶¶ 58–61). Plaintiff asserts that the term "radial hilt" does not require construction or in the alternative, the Court should construe it as "raised portion." Pl.'s Resp. at 15.

"[T]he presence of a dependent claim that adds a particular limitation gives rise to a presumption that the limitation in question is not present in the independent claim." Phillips, 415 F.3d at 1315 (citation omitted). "[A]n independent claim should be given broader scope than a dependent claim to avoid rendering the dependent claim redundant." Id. at 1324 (citing Dow Chem. Co. v. United States, 226 F.3d 1334, 1341–42 (Fed. Cir. 2000)).

Defendants' proposed construction incorporates limitations from two dependent claims. Claim 3 recites "said radial hilt imposing a separation *barrier* between said tool section and said handle section, preventing said magnetic particles from transfer onto said handle section of said cylindrical housing." '550 Patent col. 6 ll. 47–51 (emphasis added). Claim 6 recites "said radial hilt further comprising: a tool side surface and a handle side surface, said radial hilt aligning said tool side surface and said handle side surface *at right angles with said outer surface*." Id. col. 7 ll. 15–18 (emphasis added). The context provided by the dependent claims indicates that these limitations are not present in the independent claim. The Court rejects Defendants' proposed construction and will construe "radial hilt" more broadly to avoid rendering Claims 3 and 6 redundant.

The context provided by Claim 1 itself indicates that the understanding of "radial hilt" does not inherently include contact with the outer surface of the cylindrical housing because Claim 1 modifies the radial hilt as "applied along said outer surface upon said

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 5**

cylindrical housing." Id. col. 5 ll. 66–67.  In addition, the specification recites "[t]he radial hilt would be attached to the outer surface of the cylindrical housing along a linear axis between the tool section and the handle section introducing a barrier between the tool section and the handle section" and includes depicted embodiments of the "radial hilt" in Figures 1, 2, and 3 as a protrusion from the cylindrical housing.  Id. col. 4 ll. 34–36, figs. 1–3, item 30.

The portion of Defendants' proposed construction that excludes limitations from the dependent claims and the specification is "raised portion."  "Raised portion" is consistent with the plain and ordinary meaning of "radial hilt" to one of ordinary skill in the art in the context of the entire patent, including Claims 3 and 6, the specification, and Figures 1, 2, and 3, and is not opposed by Plaintiff.  The Court construes "radial hilt" as "raised portion."



Id. fig. 1 (item labels and emphasis added).

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 6**

## II. Applied Along

Claim 1 references "a non-magnetic radial hilt *applied along* said outer surface upon said cylindrical housing." Id. col. 5 ll. 66–67 (emphasis added). Defendants assert that the Court should construe the term "applied along" to mean "positioned around." Defs.' Br. at 13–14. Plaintiff asserts that "applied along" does not require construction. Pl.'s Br. at 6–7.

The term "applied along" is not found elsewhere in the '550 Patent and refers exclusively to the relation between the radial hilt and the outer surface of the cylindrical housing. The specification recites "[t]he radial hilt would be *attached to* the outer surface of the cylindrical housing" and includes depicted embodiments of the relation between the radial hilt and the outer surface of the cylindrical housing in Figures 1, 2, and 3. '550 Patent col. 4 ll. 34–35 (emphasis added), figs. 1–3, items 20, 30. In this instance, the specification's use of "attached to" presents a wording interchangeable with Claim 1's use of "applied along" to describe the relation of the radial hilt to the outer surface of the cylindrical housing. Rather than, as Defendants propose, introducing the construction "positioned around" that is not found in the '550 Patent, the plain and ordinary meaning of "applied along" is understood by one of ordinary skill in the art in the context of the entire patent, including the specification and Figures 1, 2, and 3. The Court construes "applied along" as "attached to."

## III. Inserting Within

Claim 1 references "a handle section grommet having a central aperture, said handle section grommet *inserting within* said opening of said open handle section." Id.

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 7**

col. 6 ll. 1–3 (emphasis added).  Defendants assert that the Court should construe the term "inserting within" as "positioned in."  Defs.' Br. at 15.  Plaintiff asserts that "inserting within" does not require construction.  Pl.'s Br. at 6–7.

The specification recites "the handle section grommet *inserting within* the opening of the handle section" and includes depictive embodiments of the relation between the handle section grommet and the opening of the handle section in Figures 2 and 3.  '550 Patent col. 3 ll. 20–22 (emphasis added), figs. 2–3, items 27, 40.  The term "inserting within" is not found elsewhere in the '550 Patent and refers exclusively to the relation between the handle section grommet and the opening of the handle section.  The Court finds persuasive Defendants' proposed construction in the context of the entire patent, including the specification and Figures 2 and 3, and notes Plaintiff's lack of another proposed meaning of the term.  The Court adopts Defendants' proposed construction and construes "inserting within" as "positioned in."



Id. fig. 2 (item labels and emphasis added).

### IV.  Sliding Engagement

Claim 1 recites "said cylindrical neck in *sliding engagement* within said central

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 8**

aperture." '550 Patent col. 6 ll. 12–13 (emphasis added).  Defendants assert that the Court should construe the term "sliding engagement" to mean "sliding contact with." Defs.' Br. at 17–18.  Plaintiff asserts that "sliding engagement" does not require construction.  Pl.'s Br. at 6–7.

The term "sliding engagement" is not found elsewhere in the '550 Patent and refers exclusively to the relation between the cylindrical neck and the central aperture of the handle section grommet.  The specification recites "with the neck *moving within* the central aperture of the grommet" and includes depictive embodiments of the relation between the cylindrical neck and the central aperture in Figures 2 and 3.  '550 Patent col. 3 ll. 34–35 (emphasis added), figs. 2–3, items 42, 64.  In this instance, the specification's use of "moving within" presents a wording interchangeable with Claim 1's use of "in sliding engagement within" to describe the relation between the cylindrical neck and the central aperture.  Figure 2 contains a left-pointing arrow and depicts the cylindrical neck extended to the left end of the figure.  Id. fig. 2.  Figure 3 contains a right-pointing arrow and depicts the cylindrical neck at the right end of the figure.  Id. fig. 3.  Figures 2 and 3 together show an embodiment with the position of the cylindrical neck changing while remaining within the central aperture of the handle section grommet.  Although Figures 2 and 3 depict an embodiment in which the cylindrical neck appears to be in contact with the central aperture of the handle section grommet as described in Defendants' proposed construction, the Court will not read that limitation from a depicted embodiment into the independent claim.  The Court construes "in sliding engagement within" as "sliding within."

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 9**



Id. fig. 2 (item labels and emphasis added).



Id. fig. 3 (item labels and emphasis added).

### V.  Slidably Engaged Within

Claim 1 recites "slip sleeve *slidably engaged within* said inner longitudinal cylindrical channel." Id. col. 6 ll. 9–10 (emphasis added).  Defendants assert that the Court should construe the term "slidably engaged within" as "sliding in contact with." Defs.' Br. at 15–17.  Plaintiff asserts that "slidably engaged within" does not require construction.  Pl.'s Br. at 6–7.

The specification recites "the slip sleeve *slidably engaged within* the inner longitudinal cylindrical channel" and includes depictive embodiments of the relation of

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 10**

the slip sleeve with the inner longitudinal cylindrical channel in Figures 2 and 3. '550 Patent col. 3 ll. 25–26 (emphasis added), figs. 2–3, items 22, 55. The term "slidably engaged within" is not found elsewhere in the '550 Patent and refers exclusively to the relation of the slip sleeve with the inner longitudinal cylindrical channel. Figure 2 contains a left-pointing arrow and depicts the slip sleeve at the left end of the figure. Id. fig. 2. Figure 3 contains a right-pointing arrow and depicts the slip sleeve at the right end of the figure. Id. fig. 3. Figures 2 and 3 together show an embodiment with the position of the slip sleeve changing while remaining within the inner longitudinal cylindrical channel. Although Figures 2 and 3 depict an embodiment in which the slip sleeve appears to be in contact with the inner longitudinal cylindrical channel as described in Defendants' proposed construction, the Court will not read that limitation from a depicted embodiment into the independent claim. The Court construes "in sliding engagement within" as "sliding within."



Id. fig. 2 (item labels and emphasis added).

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 11**



Id. fig. 3 (item labels and emphasis added).

## CONCLUSION

For the foregoing reasons, the Court construes the claim terms as follows:

1. "radial hilt" as "raised portion;"

2. "applied along" as "attached to;"

3. "inserting within" as "positioned in;"

4. "in sliding engagement within" as "sliding within;" and

5. "slidably engaged within" as "sliding within."

**SO ORDERED.**

DATED: June 7, 2022

/s/ Jennifer Choe-Groves
Jennifer Choe-Groves
U.S. District Court Judge*

---

* Judge Jennifer Choe-Groves, of the United States Court of International Trade, sitting by designation.

**OPINION AND ORDER ON CLAIM CONSTRUCTION – 12**